**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1927
_____

THOMAS KIRSCHLING,
                                        Appellant

v.

ATLANTIC CITY BOARD OF EDUCATION


_____

On Appeal from the United States District Court
for the District of New Jersey
(Civ. No. 1-11-cv-04479)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 13, 2015

Before: AMBRO, FUENTES, and ROTH, *Circuit Judges*

(Filed: March 12, 2015)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*:

Thomas Kirschling appeals the District Court's order granting summary judgment to the Atlantic City Board of Education. Kirschling's sole claim is for race-based constructive discharge under the New Jersey Law Against Discrimination.[1] *See* N.J. Stat. Ann. § 10:5-1, *et seq*. For the reasons set forth below, we will affirm.

Kirschling, a Caucasian male, worked as the Atlantic City School District's Assistant Superintendent of Human Resources from 2000 to 2009. The District educates over 7,000 mostly African-American students, and Kirschling's position put him in charge of personnel management. Kirschling was a longtime public school human resources professional who holds a Ph. D. in education, and it is not disputed that he was highly qualified for his position. According to Kirschling, personnel matters in the District were highly politicized, and Board members often interceded on behalf of family members and/or politically connected individuals who were candidates for jobs. On Kirschling's telling, he and Board members clashed during his tenure over his unwillingness to favor Board members' preferred candidates, as well as over his implementation of the Board's drug testing policy, which he interpreted to require testing of all candidates for internal promotion. The Board was predominantly African-American at all relevant points.

In 2007, Kirschling negotiated a new three-year contract that made him the highest paid Assistant Superintendent in the District. The April 2008 election caused a change in

---

[1] The District Court had diversity jurisdiction because Kirschling is a citizen of Florida and the Board is a citizen of New Jersey. *See* 28 U.S.C. § 1332. We have jurisdiction to review

the Board's composition, however, and Board members hostile to Kirschling now commanded a majority. The new majority immediately sought to oust Kirschling, and by late 2008 Kirschling and the Board were in buyout negotiations. As part of the negotiations, Kirschling made a buyout demand that claimed entitlement to 120 sick and vacation days, including 96 days "rolled over" from his previous employment with a different school district. In February 2009, the District notified Kirschling that it believed that 34 of his claimed days were not properly claimed under the District's comp-time policy, and further that he failed to report as vacation 11 days for which he was out of state. In March 2009, the District notified Kirschling that it learned he had been previously compensated for the 96 days "rolled over" from his previous employer and that the District believed he misrepresented this fact at the start of his employment in 2000. The District suspended Kirschling with pay pending investigation, and the suspension made local news. With the Board preparing formal charges of fraud to be presented to criminal prosecutors and state tenure authorities, Kirschling resigned outright in July 2009. Kirschling's duties were assumed on an interim basis by a Caucasian woman, Donna Haye, and a year later they were permanently assumed by an African-American woman, Diane Saunders.

In June 2011, Kirschling filed the instant suit in New Jersey state court alleging race-based constructive discharge in violation of New Jersey's Law Against Discrimination. According to Kirschling, his resignation under duress was far from voluntary, and the Board's campaign to oust him—including the allegedly improper time record charges—

the final order of the District Court pursuant to 28 U.S.C. § 1291.

was motivated by improper considerations related to his race. The Board removed the case to the District of New Jersey, and the District Court granted summary judgment to the Board on the basis that Kirschling failed to state a prima facie case. Kirschling then filed this appeal.[2]

Under New Jersey law, a plaintiff states a prima facie case of race-based constructive discharge by showing (1) that he is in a protected class or that the employer may be the unusual one that discriminates against the majority; (2) he was otherwise qualified and performing the essential functions of the job; (3) his resignation was constructively a discharge; and (4) that the employer thereafter sought similarly qualified individuals for the job. *Erickson v. Marsh & McLennan Co.*, 117 N.J. 539, 550-51 (1990).

The District Court entered judgment for the Board on the basis that Kirschling cannot show a constructive discharge.[3] A discrimination claim based on constructive

---

[2] We review a district court's grant of summary judgment de novo. *Doe v. Indian River Sch. Dist.*, 653 F.3d 256, 275 n.7 (3d Cir. 2011). In doing so, we apply the same standard as the district court. *Id*. That is, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether summary judgment is warranted, we "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Doe*, 653 F.3d at 275 n.7.

[3] The District Court also concluded that the background circumstances of the case raised no suspicion that the Board is "the unusual employer who discriminates against the majority." *See Erickson*, 117 N.J. at 551. We have previously explained that "[s]tating the prima facie case in terms of 'background circumstances' and the uniqueness of the particular employer is both problematic and unnecessary." *Iadimarco v. Runyon*, 190 F.3d 151, 161 (3d Cir. 1999). "[M]any of the courts that have tried to apply such an analysis have concluded that it results in a heightened burden for the plaintiff despite the . . . proclamations to the contrary by the court that developed the test." *Id*.

4

discharge arises when "an employer knowingly permit[s] conditions of discrimination in employment so intolerable that a reasonable person subject to them would resign." *Shepherd v. Hunterdon Developmental Ctr.*, 174 N.J. 1, 27-29 (2002). "The standard envisions a sense of outrageous, coercive[,] and unconscionable requirements . . . [involving] more egregious conduct than that sufficient for a hostile work environment claim." *Id*. at 28. Furthermore, "an employee has the obligation to do what is necessary and reasonable in order to remain employed rather than simply quit." *Id*. "A trial court should consider the nature of the harassment, the closeness of the working relationship between the harasser and the victim, whether the employee resorted to internal grievance procedures, the responsiveness of the employer to the employee's complaints, and all other relevant circumstances." *Id*.

Applying these standards, we agree with the District Court that Kirschling pled no facts that would make a reasonable person feel there was no choice but to resign. No doubt that Board members' criticism of his job performance and open desire to remove him made for a stressful and unwelcome experience, but Kirschling's allegations here fall far short of the unremitting, proximate harassment contemplated by New Jersey law. *See id.* Nor can we conclude that Kirschling was forced to resign in light of the disputed fraud allegations. The tenure laws prevented the District from firing Kirschling before proving its case against him to the Commissioner of the New Jersey Department of Education, *see* N.J.A.C. 6A:3-5.5, and an accused employee may not claim involuntary resignation where he resigned without availing himself of procedural protections against unsubstantiated charges. *See*

5

*Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2010); *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568-69 (11th Cir. 1995). By declining to fight the allegedly wrongful accusations on the merits, Kirschling failed to do what was "necessary and reasonable in order to remain employed." *See Shepherd*, 174 N.J. at 28.

Because Kirschling cannot show a constructive discharge, he fails to state a prima facie case of discrimination. The District Court's grant of summary judgment was proper.